UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAKOB REUTHER, RAINER REUTHER,
and LAURA REUTHER,

       Plaintiffs,

   v.

SHILOH SCHOOL DISTRICT NO. 85,

       Defendant.

Case No. 07-cv-689 -JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Remand filed by Plaintiffs Jakob Reuther (Jakob), Rainer Reuther, and Laura Reuther (Doc. 6). Defendant Shiloh School District No. 85 (school district) has responded. The time for further responses has passed. For the following reasons, the Court GRANTS the Motion to Remand.

## BACKGROUND

### I. PROCEDURAL POSTURE

Plaintiffs (the Reuthers) filed this complaint alleging that negligent and/or willful and wanton conduct by the school district resulted in Jakob's sustaining various physical injuries including burns, hives, a concussion, and severe pain to his feet and hips. The complaint alleges that the school district breached duties created under the Individuals with Disabilities Education Act (IDEA) and the Americans with Disabilities Act (ADA) which directly and proximately resulted in Jakob's injuries. The school district removed the case to this Court, claiming federal question jurisdiction "in that Plaintiff filed suit against defendants for, among other things, violations of the [IDEA] and the [ADA]. . . ." The school district also filed a motion to dismiss the complaint because the Reuthers failed to exhaust their administrative remedies under the

IDEA. The Reuthers counter that this is merely "a personal injury claim, which just so happen[s] to be brought by a student with disabilities and his parents." They contend that the alleged violations of federal law merely create a rebuttable presumption that the school district breached its duty to Jakob. Therefore, the Reuthers contend, there is no federal question to be answered, this Court is without jurisdiction, and this case should be remanded to state court.

## II.     FACTS

The facts are taken from the Plaintiffs's complaint. Jakob Reuther is a physically impaired child who at all relevant times attended Shiloh Village School in Shiloh School District No. 85. Jakob has cerebral palsy, is confined to a wheelchair, and is blind. The Reuthers met with school officials prior to Jakob's starting there, and made the school district aware of Jakob's special needs. The school district was required to provide a certified licensed aid for Jakob at all times.[1] On May 6, 2004, a substitute aid placed a tray of hot food in front of Jakob. Jakob placed his elbows in the peas and, as a result, sustained severe burns.

Jakob was required (presumably under his IEP) to practice hand washing skills, but the sink Jakob had to use was not ADA compliant. Jakob's therapist was aware that he had to be strapped into his wheelchair at all times. On November 27, 2005, while Jakob was washing his hands, he fell forward and hit his head on the sink, sustaining a concussion.

The school district was aware that Jakob is highly allergic to latex, but on December 9, 2005, his visual aid gave Jakob a latex ball to play with. Jakob broke out in hives as a result of being given the latex ball.

---

[1] The complaint is unclear as to whether the requirement to provide a certified aid for Jakob arises from the IDEA, Jakob's Individualized Education Plan (IEP), some other agreement between the Reuthers and the school district, or a combination of the above.

Finally, on December 12, 2005, Jakob's teachers and aid forced him to remain in a painful position in a "stander" even though he was crying and stating that he was in pain. He suffered hip and foot pain as a result.

The Reuthers allege that the school district breached duties created by the ADA by not installing ADA compliant sinks, and breached duties created by the IDEA by failing to develop an appropriate IEP for Jakob and failing to provide a qualified aid to assist Jakob. The Reuthers also allege that the school district failed to prevent Jakob from sustaining physical injury by failing to convey Jakob's special needs to his teachers and aids. As a result of these breaches of duty Jakob has incurred pain, suffering, medical expenses and emotional distress.

## ANALYSIS

**I    REMOVAL GENERALLY**

A defendant may remove to federal court a case filed in state court if there is original federal jurisdiction over the case. 28 U.S.C. § 1441(a); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997). In its § 1441 notice of removal the school district asserts that the Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claim is one arising under federal statutes, namely the ADA and the IDEA. The school district, as the party asserting federal jurisdiction, bears the burden of showing that jurisdiction is proper. *McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S.178, 189 (1936); *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7th Cir. 2000); *American Bankers Life Assur. Co. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003). In addition, the Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *see also Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (citing *Crawford v. United States*, 796 F.2d 924, 929

(7th Cir. 1986)).

## II.     APPLICABILITY OF INDIVIDUAL WITH DISABILITIES EDUCATION ACT

The IDEA covers "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(1)(E). The IDEA requires that children with disabilities be provided "a free appropriate education which emphasizes special education and related services designed to meet their unique needs." 20 U.S.C § 4400(c). "The term 'related service' means transportation and such developmental, corrective, and other supportive services (including . . . physical and occupational therapy, [and] recreation, including therapeutic recreation. . .) as may be required to assist a child with a disability to benefit from special education, and includes early identification and assessment of disabling conditions in children." 20 U.S.C. § 1401(a)(17).

The IDEA is a broad statute; however, it does not so occupy its field that federal preemption results. *Charlie F. v. Bd. of Educ. Of Skokie School Dist. 68*, 98 F.3d 989, 991 (7th Cir. 1996). It co-exists with the ADA and the Rehabilitation Act, and other federal and state law causes of action. *Id*. However, where the plaintiff seeks "relief that is available under" the IDEA he must follow the IDEA's administrative procedures and must exhaust such procedures prior to bringing suit, no matter what law he invokes as the basis for his claim. 20 U.S.C. § 1415(f).

### A.     Compensation for Physical Injuries Not Available under IDEA

The IDEA provides prospective relief, but does not provide compensatory money damages. *Charlie F. v. Bd. of Educ. of Skokie School Dist. 68*, 98 F.3d 989, 991 (7th Cir. 1996). However, merely requesting monetary damages does not remove a cause of action from the ambit of IDEA. *Id.* Where the plaintiff requests monetary damages so that he can compensate

for or remedy failures of the school district by purchasing services that could (or must) be provided in-kind by the school district, the request is really one for relief available under the IDEA. *Id*. Thus, a claim requesting such relief arises under the IDEA, and federal question jurisdiction exists in such a case.

Sometimes in-kind services provided by the school district cannot substitute for the requested monetary damages. For example, in *McCormick v. Waukegan School District # 60*, 374 F.3d 564 (7th Cir. 2004), the plaintiff, Eron McCormick, filed suit under 42 U.S.C. § 1983 as well as various Illinois tort law theories. Eron complained that the school district's violation of his IEP caused him physical injury, pain and suffering, and mental anguish, and sought monetary damages. The Seventh Circuit first confirmed that the fact that Eron did not invoke the IDEA himself did not mean that the IDEA's administrative procedures did not apply. The Seventh Circuit then went on to hold that Eron was not required to exhaust administrative procedures under the IDEA because the relief requested was not "relief that was available under" the IDEA. *Id*. at 568. Therefore, exhaustion of the IDEA administrative process would be futile. *Id*.

## III. CREATION OF DUTY ALONE DOES NOT CONFER JURISDICTION

The plaintiff is the "master of the complaint" and may avoid federal jurisdiction by relying solely on state law, so long as there is not complete federal preemption. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Jurisdiction may not be sustained on a theory that the Plaintiff has not advanced." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 809 n. 6 (1986). In Merrell Dow, the Court concluded that "the congressional determination that there should be no federal remedy for the violation of this federal statute [FDCA] is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element

of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction."
Id. at 814. The creation of the duty by itself is insufficient to confer federal question jurisdiction on an action. *Id*. at 812.

Here, in contrast to *McCormack*, the Reuthers invoke the IDEA to establish the school district's duty to Jakob,[2] but contend that because no relief is available under the IDEA, the claim does not arise under federal law. The Reuthers request monetary relief to compensate Jakob for the physical injuries he suffered and the medical bills he incurred. Just as in *McCormack*, exhaustion of IDEA administrative procedures would be futile. Jakob need not comply with the administrative procedures of the IDEA before bringing his claim, because no relief is available under the IDEA. However, certain duties that the school district allegedly owed Jakob arise (if at all) under the IDEA or the ADA. The question facing the Court is whether the creation under the ADA or the IDEA of a duty of care is sufficient to confer federal question jurisdiction in the absence of a claim brought under another federal statute, such as 42 U.S.C § 1983.

The school district contends that this suit requires an interpretation of federal law such that a federal forum cannot be avoided by mere "artful pleading." *Tifft v. Commonwealth Edison Co.*, 366 F.3d 513, 516-17 (7th Cir. 2004). The Reuthers counter that the causes of action do not arise under the ADA or the IDEA regardless of the fact that the injuries were sustained in a special education setting. They assert that the school district's breach of its duties under the ADA and the IDEA merely raise a rebuttable presumption of negligence which, under *Merrell*

---

[2]The Complaint also invokes the ADA to establish the school district's duty to Jakob. The Court's analysis applies equally to the duties arising under the ADA and the IDEA. For simplicity sake, the Court's focus is on the IDEA.

6

*Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804 (1986), is not sufficient to confer federal question jurisdiction.

*Merrell Dow* involved a federal statute, the Food, Drug and Cosmetics Act, that did not create a federal cause of action. As examined above, the IDEA does provide a federal cause of action, but only for violations of its provisions that have "both an educational source and an adverse educational consequence." *Charlie F*., 98 F. 3d at 991-92. However, when "the nature of the claim is not educational," when "no change to [the plaintiff's] IEP could remedy, even in part, the damage done to [the plaintiff's] body," the IDEA provides no remedy. *McCormick*, 374 F.3d 568-69. Such claims must be brought pursuant to 42 U.S.C. § 1983, because the IDEA does not create a private cause of action for non-educational harms suffered by disabled students. Likewise, the ADA provides no private cause of action to recover damages for injuries caused by violations of its provisions. 20 U.S.C. § 1400 *et seq*.

In the case at bar, Jakob's injuries are physical, not educational, in nature. No change to his IEP can remedy the damage done to Jakob's body. No injunctive relief is available to help him now. The Reuthers could have brought a federal claim for compensation for Jakob's injuries pursuant to 42 U.S.C. § 1983. They choose not to. The Reuthers advance federal law solely as the creator of the duties owed Jakob. However, the theories upon which their claims are based are solely state tort law. Accordingly, no claim in this action arises under federal law. Therefore, the Court is without jurisdiction over this matter.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs's Motion to Remand (Doc. 6) and **REMANDS** this action to the Twentieth Judicial Circuit, St. Clair County, Illinois for

further proceedings.  The Court **DENIES as moot** all pending motions.

**IT IS SO ORDERED.**
**DATED: January 18, 2008**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**